IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANDREW GONZALES | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv131 |
| PAUL REILLEY, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Andrew Gonzales, an inmate confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brought this lawsuit pursuant to 42 U.S.C. § 1983.

Discussion and Analysis

A final judgment was previously entered in the above-styled lawsuit, granting the defendants' motion for summary judgment and dismissing the action with prejudice.

Pending before the court is plaintiff's motion for relief from judgment (ECF No. 98). Plaintiff requests relief from the judgment pursuant to FED. R. CIV. P. 60. This order considers such motion.

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

   (A)   after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

   (B)   after a non jury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial*. After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional

> testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
>
> . . .
>
> (e) Motion to Alter or Amend Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Since plaintiff's motion was filed within 28 days from the date of the judgment, the motion is liberally construed as a motion under Rule 59. Plaintiff's conclusory allegations, however, are insufficient to warrant relief from the judgment. After due consideration, the court is of the opinion that plaintiff's motion fails to set forth a meritorious ground for relief. Further, even affording the motion consideration under the more liberal Rule 60(b), the court is of the opinion that the motion fails to set forth a meritorious ground warranting relief. Accordingly, plaintiff's motion for relief from judgment should be denied. It is

**ORDERED** that plaintiff's motion for relief from judgment is **DENIED**.

**SIGNED** this the **30** day of **June, 2022.**

_____
Thad Heartfield
United States District Judge